UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAREN HOLBROOK, individually and as the surviving mother of Decedent, BRANDON HOLBROOK, deceased.<br><br>    Plaintiff,<br><br>    v.<br><br>SAINT LOUIS COUNTY, MISSOURI,<br><u>Serve:</u><br>County Clerk<br>105 S. Central Avenue<br>Clayton, Missouri 63105<br><br>and<br><br>SAINT LOUIS COUNTY DEPARTMENT OF JUSTICE SERVICES,<br><u>Serve:</u> Director Jonell Coleman<br>Buzz Westfall Justice Center<br>100 South Central Avenue<br>Clayton, Missouri 63105<br><br>and<br><br>SCOTT ANDERS, in Official Capacity as Director of the Saint Louis Couty Department of Justice Services,<br><u>Serve:</u> Dept. of Justice Services<br>Buzz Westfall Justice Center<br>100 South Central Avenue<br>Clayton, Missouri 63105<br><br>and<br><br>DARBY HOWARD, in Official Capacity as Deputy Director of the Missouri Department of Corrections,<br><u>Serve:</u> Dept. of Justice Services<br>Buzz Westfall Justice Center<br>100 South Central Avenue<br>Clayton, Missouri 63105 | CIVIL NO.:<br><br><u>JURY TRIAL DEMANDED</u> |

and

UNKNOWN GUARDS, in their official capacities;
<u>Serve:</u> Dept. of Justice Services
Buzz Westfall Justice Center
100 South Central Avenue
Clayton, Missouri 63105

and

UNKNOWN MEDICAL STAFF, in their official capacities;
<u>Serve:</u> Dept. of Justice Services
Buzz Westfall Justice Center
100 South Central Avenue
Clayton, Missouri 63105

      Defendants.

## PETITION

COMES NOW Plaintiff Karen Holbrook, by and through her attorneys, Tanner Rolfes and Rosenblum, Schwartz, Fry & Johnson, PC, and for her claim for damages states as follows:

## PRELIMINARY STATEMENT

This cause of action arises out of the wrongful death of Brandon Holbrook, an inmate under the care and custody of Saint Louis County and its facility the Saint Louis County Department of Justice Services on September 26, 2022. Brandon Holbrook's death was a direct and proximate result of the Saint Louis County and Saint Louis County Department of Justice Services, its officials, officers, employees and/or agents (Collectively, the "Defendants") deliberate indifference and negligence in violation of federal and state civil rights, and federal and state laws. Their wrongful acts and/or omissions caused the painful and unnecessary death of Brandon Holbrook.

## JURISICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C.§1343(a)(4), and 42 U.S.C. § 1983 because it arises under the laws of the United States and seeks redress for civil right violations of the Fourteenth Amendment of the Constitution of the United States, specifically the deliberate indifference and gross negligence exhibited by Saint Louis County and Saint Louis County Department of Justice Services its officials, officers, employees, and or/agents which resulted in the wrongful death of Brandon Holbrook on September 26, 2022.

2. This Court has supplemental jurisdiction of the common law claims pursuant to 28 U.S.C.§1367(a).

3. Venue is proper in this judicial district under 28 U.S.C.§1391(b) because the events giving rise to this claim occurred in the city of Clayton, Saint Louis County, Missouri.

## PARTIES

4. Plaintiff, Karen Holbrook (hereinafter "Plaintiff") is a resident of the State of Missouri and brings this cause of action on behalf of her deceased son, Brandon Holbrook (hereinafter, "Holbrook") an inmate awaiting trial in Saint Louis County Department of Justice Services. Plaintiff, the surviving natural mother of decedent, and brings this action pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and Missouri statutes governing wrongful death actions, section 537.080, RSMo. 2018, *et seq*.

5. Defendant Saint Louis County, Missouri (hereinafter "St. Louis County") is a political subdivision of the State of Missouri and operate the Buzz Westfall Justice Center (hereinafter "Justic Center") through its Department of Justice Services. It also provides

healthcare services to inmates of the Justice Center through the Corrections Medicine Program operated by the St. Louis County Department of Public Health.

6. Defendant St. Louis County is a public governmental body as defined by Missouri Sunshine Law, RSMo. §610.010. See also, Missouri Const., Art. IV, §12; Chapter 27 of the Missouri Revised Statutes.

7. Defendant Saint Louis County Department of Justice Services (hereinafter "DJS"), at all relevant times, is and was responsible for the management, operation, and security of the Justice Center, including protecting inmates from harm by other prisoners and protection of inmates from controlled substances. Specifically, Defendant DJS is responsible for providing, directing, supervising, implementing, guaranteeing the safety of the inmates at the facility, including Holbrook, as well as creating and implementing policies, procedures, customs, and practices to protect the inmates from harm and to provide constitutionally adequate intervention. Defendant DJS acted under the color of law as set forth below in its provision to protect Holbrook from physical harm while an inmate in the custody of Defendant DJS, and in its establishing unconstitutional patterns, practices, policies, procedures, customs, and regulations with regard to the provision of protection to Plaintiff and inmates like Plaintiff. Defendant DJS acted by and through its employees, servants, and agents (actual, ostensible, and implied) including Defendants Scott Anders, Darby Howard, Unknown Guards, and Unknown Medical Staff.

8. Defendant DJS is a public governmental body as defined by Missouri Sunshine Law, RSMo. §610.010. See also, Missouri Const., Art. IV, §12; Chapter 27 of the Missouri Revised Statutes.

9. At all times relevant hereto, Defendant Scott Anders (hereinafter "Anders") was the acting director of the Justice Center and an employee and/or agent of Defendant DJS. Defendant Anders contracts and agrees with Defendant DJS to provide security direction for the Justice Center including ensuring and maintaining the safety, custody, security, and control of residents, including Holbrook, through direct or indirect supervision, and agreed to treat Holbrook pursuant to the Justice Center's policies and procedures. Specifically, Defendant Anders is responsible for contract management and compliance and development of policies, standards, and regulations to protect the inmates from harm and to provide constitutionally adequate protection and intervention when an inmate's safety is at risk. Defendant Anders acted under the color of law in: his/her provision of security to Holbrook while an inmate in custody of Defendant DJS pursuant to, and in the course and scope of, a contract or agreement with Defendant DJS, in implementing and following unconstitutional patterns, practices, policies, procedures, customs, and regulations with regard to the security to Holbrook while an inmate in the custody of Defendant DJS. Defendant Anders is sued in his official capacity.

10. At all times relevant hereto, Defendant Darby Howard (hereinafter "Howard") was the deputy director of the Justice Center and an employee and/or agent of Defendant DJS. Defendant Howard contracts and agrees with Defendant DJS to provide security direction for the Justice Center including ensuring and maintaining the safety, custody, security, and control of residents, including Holbrook, through direct or indirect supervision, and agreed to treat Holbrook pursuant to the Justice Center's policies and procedures. Specifically, Defendant Howard is responsible for contract management and compliance and development of policies, standards, and regulations to protect the inmates from harm and to provide constitutionally adequate protection and intervention when an inmate's safety is at risk. Defendant Howard acted

under the color of law in: his/her provision of security to Holbrook while an inmate in custody of Defendant DJS pursuant to, and in the course and scope of, a contract or agreement with Defendant DJS, in implementing and following unconstitutional patterns, practices, policies, procedures, customs, and regulations with regard to the security to Holbrook while an inmate in the custody of Defendant DJS. Defendant Howard is sued in his official capacity.

11. At all times relevant hereto, Defendants Unknown Guards (hereinafter "Unknown Guards") were correctional officers and employees and/or agents of Defendant DJS, employed at the Justice Center. Defendants Unknown Guards contract and agrees with Defendant DJS to provide order and supervision of the inmates in custody at the Justice Center and agrees to treat Holbrook pursuant to the Justice Center's policies and procedures. Defendants Unknown Guards acted under the color of the law in: his/her provision of supervising and monitoring Holbrook while an inmate in custody of Defendant DJS pursuant to, and in the course and scope of, a contract or agreement with Defendant DJS in failing to properly supervise and monitor, including Holbrook and other inmates, and failing to intervene or otherwise maintain order when Holbrook was at risk of serious bodily harm while an inmate in the custody of Defendant DJS. Defendants Unknown Guards are sued in their official capacity only.

12. At all times relevant hereto, Defendants Unknown Medical Staff (hereinafter "Unknown Medical") were nurses and medical professionals and employees and/or agents of Defendant DJS, employed at the Justice Center. Defendants Unknown Medical Staff contract and agrees with Defendant DJS to provide adequate medical care, treatment, emergency medical services, and supervision of the inmates in custody at the Justice Center and agrees to treat Holbrook pursuant to the Justice Center's policies and procedures regarding medical staff. Defendant Unknown Medical Staff acted under the color of the law in: his/her provision of

providing adequate medical care and emergency medical services of Holbrook while an inmate in custody of Defendant DJS pursuant to, and in the course and scope of, a contract or agreement with Defendant DJS in failing to provide adequate emergency medical treatment to Holbrook when Holbrook was at the risk of serious bodily harm while an inmate in the custody of Defendant DJS. Defendants Unknown Medical Staff are sued in their official capacity only.

## FACTUAL ALLEGATIONS

13. On September 16, 2022, Holbrook was booked into custody at the Justice Center by Saint Louis County Police Department and was awaiting his bond hearing on September 27, 2022, at 9:00 a.m. CST.

14. Upon information and belief, On September 26, 2022, at approximately 2:10 p.m., Defendant Unknown Guard(s) entered in 8A to count inmates and direct everyone to stand up for mandatory counts. At or around this time, Defendant Unknown Guard contacted Holbrook to tell him to get ready as Holbrook was moving to the 7th Floor, but he was not responding. Defendant Unknown Guard contacted another Defendant Unknown Guard at approximately 3:30 p.m. to check on Holbrook as he was not responding for transfer to 7th Floor.

15. On September 26, 2022, at approximately 3:38 p.m., two inmates housed near Cell 42 in Unit 8A observed that Brandon Holbrook was unresponsive in his cell. At approximately 3:53 p.m., Defendant Unknown Guard knocked on Holbrook's cell in an attempt to gain his attention. When Holbrook remained motionless, Defendant Unknown Guard contacted his superior, a lieutenant, to unsecure the cell door.

16. On September 26, 2022, at approximately 3:57 p.m., Defendant Unknown Guard entered Holbrook's cell, identified him, and repositioned him onto his back to check for signs of

life, including performing a sternum rub. Defendant Unknown Guard then radioed master control, stating: 'We have a Code 1 in 8 Alpha, Cell 42—unresponsive.'

17. On September 26, 2022, at approximately 4:00 p.m., Defendant Unknown Medical Staff from DJS arrived at Holbrook's cell to begin performing life-saving measures. At or around this time, Medical Staff from DJS performed a Finger Thoracostomy.

18. On September 26, 2022, at approximately 4:10 p.m., the City of Clayton Emergency Medical Team arrived on the scene and assumed responsibility for performing life-saving measures. At this time, it was discovered by City of Clayton Emergency Medical Team that it was actually cardiac arrest as they noted Holbrook had blood coming from his nose and mouth which is uncommon from a potential drug overdose.

19. On September 26, 2022, at approximately 4:50 p.m., the City of Clayton Emergency Medical Team transported Holbrook to Barnes-Jewish Hospital, arriving at approximately 5:05 p.m. Despite these efforts, at approximately 5:12 p.m., the Emergency Department at Barnes-Jewish Hospital pronounced Brandon Holbrook deceased.

20. On September 29, 2022, at approximately 8:00 a.m., Saint Louis County Public Health- Office of the Medical Examiner determined that the cause of death was fentanyl toxicity with other conditions of a deeply penetrating wound of left hemithorax.

21. In a private autopsy done in December of 2022, the chief finding from this second autopsy is that the depth and length of the penetrating would to Holbrook's left hemithorax is incompatible with either a finger thoracostomy or a chest tube placement for hemothorax or pneumothorax leaving the professional medical provider confusion on what would prompt either of these medical interventions.

22. Defendant DJS, Defendant Anders, Defendant Howard, and Defendant Unknown Guards, owed an enhanced duty of care to Holbrook as an inmate in their custody.

23. At no time did the staff, personnel, agents, or employees of the DJS observe the actions of the person or person which resulted in the death of Holbrook though he was an inmate in their custody and control.

24. On information and belief, Holbrook was murdered while in the custody and care of Defendant DJS by a person or persons unknown.

25. Each of the aforementioned acts and Omissions by the Defendants, directly, legally and proximately caused the following: deliberate indifference; violation of due process; extreme mental and emotional pain, suffering and anguish; extreme physical pain, suffering and anguish; deprivation of familial association; loss of enjoyment of familial association; loss of life, loss of enjoyment of life; loss of love, services, companionship, comfort, instruction, guidance, counsel, training, and support; humiliation; and expenses associated with medical, funeral and burial costs.

26. Additionally, The Defendants' customs and policies created a substantial risk of harm to inmates at the Justice Center, including Holbrook, and Defendants were aware or should have been aware of that risk.

27. As a result of Defendants' policies, customs, and practices, Holbrook suffered and died without proper monitoring, attention and/or medical care.

28. Holbrook suffered severe mental and emotional distress prior to his death.

**COUNT I - 42 U.S.C. § 1983**
**Fourteenth Amendment – Failure to Provide Safety and Adequate Medical Treatment**
(Against Defendants DJS, Anders, Howard, Unknown Guard, Unknown Medical Staff)

29. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as though full set forth herein.

30. This cause of action arises under United States Code, Title 42, Sections 1983 and 1988, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege or immunity secured to Holbrook by the Fourteenth Amendment to the United States Constitution.

31. As a pretrial detainee, Holbrook was constitutionally entitled to proper custodial care under the Fourteenth Amendment of the United States Constitution.

32. The Defendants knew or reasonably should have known of the actions and activities of detainees and persons moving within the Justice Center under the control of DJS.

33. The Defendants collectively owed Holbrook an enhanced duty of care as he was in their care and custody.

34. At no time were the actions that resulted in Holbrook's death observed or prevented by the Unknown Guard Defendants, Defendant Anders, or Defendant Howard. Nor was the medical care provided by Defendant Unknown Medical Staff adequate, despite Holbrook being, at all relevant times, under the direct custodial care and control of Defendant DJS.

35. Upon information and belief, the Unknown Guard Defendants observed Holbrook for over ninety minutes as he failed to respond to commands for a mandatory count and/or transfer to the 7th floor, before entering his cell to find him suffering from a medical emergency that required immediate medical treatment.

36. Death following opioid overdose is preventable if the person overdosing receives basic life support and there is timely administration of the opioid antagonist naloxone. World Health Organization, *Information Sheet on Opioid Overdoses* (Aug. 2018), https://rb.gy/m2lcf3. Naloxone will completely reverse the effects of an opioid overdose if administered in time. *Id*.

37. The Defendants exhibited deliberate indifference to Holbrook resulting in his preventable homicide by a person or person unknown by not providing him safety and timely and adequate medical treatment.

38. As a direct and proximate result of the Defendants failure in their duty of care which resulted in the wrongful death of Holbrook, Holbrook was deprived of his right to be free from deliberate indifference to his safety and medical needs under the Fourteenth Amendment of the Constitution of the United State of America and 42 U.S.C. § 1983 leading to his loss of life. As the result of loss of life of Holbrook, Plaintiff suffered loss of society, comfort, and companionship of her son, mental and emotional anguish, and loss of enjoyment of life.

39. Plaintiff also seeks an award of attorney's fees and costs pursuant to 42 U.S.C. § 1989.

**COUNT II- 42 U.S.C. § 1983**
**Municipal Liability under *Monell***
Against Defendant Saint Louis County

40. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as though full set forth herein.

41. Holbrook's constitutional rights were violated as described in detail above.

42. Defendant Saint Louis County and the Justice Center adopted widespread customs, practices, and usages that are so longstanding and well-settled that they constitute the official policy of Defendant Saint Louis County, which caused the constitutional deprivations described above, including, but not limited to, the following unconstitutional policies, customs, and/or practices:

    a. Neglecting to observe the persons in their custodial care at all times;

    b.      Refusing to employ or implement measures of safety for the wellbeing inmates;

    c.      Neglecting to monitor the dangers posed by persons within the Justice Center;

    d.      Inadequately equipping its correctional staff to respond timely to the opioid crisis;

    e.      Failing to train and supervise its correctional officers with respect to medical emergencies and instances of detainee overdose; and

    f.      Failing to adequately train, supervise, control, and/or discipline correction officers and medical staff concerning the practices described above to assure compliance with Saint Louis County and/or Justice Center policy and the Constitution of the United States.

43.    Defendant Saint Louis County customs and policies created a substantial risk of harm to inmates at the Justice Center, including Holbrook, and Defendant Saint Louis County were aware of that risk.

44.    These policies, practices, and customs were a cause of Holbrook's death. Defendant Saint Louis County is therefore culpable for the constitutional violations set forth in Count I, pursuant to *Monell v. N.Y. Dep't of Soc. Svcs*, 436 U.S. 658 (1978).

45.    Defendant Saint Louis County was aware that the Justice Center had ongoing opioid trafficking problems and numerous detainees had suffered non-fatal overdoses, and that correctional officers, in performing their routine duties to ensure detainee safety, were regularly confronted with trafficking and overdose incidents.

46.    Defendant Saint Louis County failed to provide correctional officers with adequate training to monitor and detect drug trafficking, which created a risk of non-fatal and fatal overdoses requiring emergency medical treatment.

47.    These failures and policies are the moving force behind, and the direct and proximate cause of the constitutional violations suffered by Holbrook as alleged herein.

48.     As a result of Defendant Saint Louis County and the Justice Center's unconstitutional policies, customs, and practice and failure to train, discipline, or supervise correctional officers, Plaintiff's son was deprived of his rights to be free from deliberate indifference to his proper custodial care in violation of the Fourteenth Amendment of United States Constitution and remediable under 42 U.S.C § 1983.

49.     Plaintiff also seeks an award of attorney's fees and costs pursuant to 42 U.S.C. § 1989.

## COUNT III
### Wrongful Death Pursuant to RSMo. § 537.080
(Against Defendants Saint Louis County DJS, Anders, Howard, Unknown Guard, Unknown Medical Staff)

50.     Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as though full set forth herein.

51.     This cause of action arises under the general laws and statutes of the State of Missouri against all Defendants.

52.     Plaintiff is entitled to bring such action under RSMo § 537.080 and this Court has jurisdiction to hear such action pursuant to 28 U.S.C. § 1367(a).

53.     Defendants owed a duty to ensure the safety of inmates and detainees of the Justice Center, specifically Holbrook. This duty included the duty to properly supervise and monitor inmates and respond swiftly to medical emergencies involving bodily harm.

54.     In committing the aforesaid acts and omissions described herein, Defendants breached their duty of care to Holbrook by acts or omissions including, but not limited to, the following:

    a.     Failing to implement and enforce policies, procedures, and protocols reasonably necessary to protect Holbrook while he was in their custody and care;

    b.    Failing to observe Holbrook while he was housed within their facility and failing to observe or control a person or persons unknown moving within their facility who provided a lethal dose of a controlled substance to Holbrook;

    c.    Failing to adequately respond to overdoses and/or medical emergencies of inmates in their care and custody; and

    d.    Failing to properly train and supervise correctional officers, employees, and/or agents to ensure the health and safety of all persons detained at the Justice Center.

55. Defendants breach of their duty of care was the cause in fact and proximate cause of Holbrook's death.

56. Plaintiff specifically allege that Defendants acts and/or omissions, were within each of their control, and within the feasibility of each of them, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Holbrook.

57. Holbrook suffered damages to include but not be limited to physical and mental pain and loss of future income as a direct and proximate result of the Defendants' breach of their duty of care.

58. Plaintiff is entitled to recover fair and reasonable damages against Defendants as provided for in RSMo. § 537.080. for the wrongful injuries to and the wrongful death of Holbrook, including special damages for his funeral and burial.

59. Plaintiff has been deprived of decedent's valuable services, companionship, comfort, consortium, support, love, and affection as a result of Holbrook's death.

60. The conduct of the Defendants as set forth herein was willful, malicious, oppressive, and reckless and are of such nature that punitive damages should be imposed in the amount commensurate with the wrongful acts.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Karen Holbrook asks this Court to enter judgment in her favor and against Defendants and award compensation for all losses and damages including but not limited to:

a. Actual economic damages as established at trial;

b. Compensatory damages, including, but not limited to those for past and future pecuniary and non-pecuniary losses, physical and mental pain, humiliation, fear, anxiety, loss of enjoyment of life, loss of liberty, privacy, and sense of security and individual dignity, and other non-pecuniary losses;

c. Punitive damages for all claims as allowed by law in an amount to be determined at trial;

d. Pre-judgment and post-judgment interest according to proof;

e. For reasonable attorney fees pursuant to 42 U.S.C. §§ 1983, 1988, statutory law of the State of Missouri, and any other applicable provisions; and

f. All appropriate relief at law and equity that justice requires.

**JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury on all issues so triable pursuant to the Seventh Amendment to the United States Constitution.

Dated: September 24, 2025

Respectfully submitted,

ROSENBLUM, SCHWARTZ FRY & JOHNSON, P.C.

By: */s/ Tanner C. Rolfes*
Tanner C. Rolfes, #72987MO
120 South Central Avenue, Suite 130
Clayton, Missouri 63105
P: (314) 862-4332
F: (314) 862-8050
Trolfes@RSFJLaw.com